```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

                -against-

DIVINE GARCIA,
                                    Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/2/2023__

19 Cr. 187 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed the parties' letters dated November 18, 2022, and December 5, 2022.  ECF Nos. 26, 28.  The Court has also reviewed a status report from Larren Riley, Defendant's Probation Officer, dated January 30, 2023, which it received via email.

On December 16, 2015, Defendant was sentenced to thirty-six months' imprisonment and sixty months of supervised release in the Eastern District of Pennsylvania.  *See* ECF No. 26 at 1; ECF No. 1.  Defendant's term of supervised release began on August 30, 2018.  ECF No. 26 at 1.  In February 2019, Defendant successfully completed his drug monitoring program.  *Id.*  On March 19, 2019, Defendant's case was transferred to the Southern District of New York.  ECF No. 1.  On February 11, 2021, Defendant appeared before the Court for a violation of the terms of his supervision, "namely using false identification documents to obtain products on credit." ECF No. 26 at 1; ECF No. 25.  Defendant was sentenced to nine months of curfew and location monitoring, which ended on November 11, 2021.  ECF No. 26 at 1; ECF No. 25.

Defendant requests that the Court terminate his supervised release early.  ECF No. 26. His term is scheduled to expire on August 29, 2023.  *Id.* at 1.  Defendant argues that he has completed "more than 80% of his term . . . and is in compliance with the conditions imposed." *Id.*  He states that his violation in 2019 was "a single deviation in an otherwise very good four years," and his "positive trajectory" has not been derailed.  *Id.*  Defendant contends that he has "successfully reintegrated back into society," "surrounded himself with a supportive and stable community," "learned from his past wrongdoings," "exhibited 'exceptionally good behavior,'" "fostered a strong relationship with his Probation Officer," and "does not present a threat to the community."  *Id.* at 3 (citing 11 U.S.C. § 3553(a)).  Defendant has maintained employment for the last four years and has maintained a strong relationship with his mother, sister, and children. *Id.*  Defendant contends that early termination would permit him to visit his children more frequently, as they reside outside the state.  *Id.*  Defendant's Probation Officer supports early termination because Defendant has been largely compliant with the terms of his release and has been categorized as being at low to moderate risk of reoffending.

The Government opposes early termination.  ECF No. 28.  Defendant's violation in 2019 was for conduct substantially similar to the conduct underlying Defendant's original conviction. *Id.* at 3.  Defendant engaged in fraud in another state, to which he did not have permission to travel, and then lied about his conduct when asked about his arrest by his Probation Officer.  *Id.* at 2–3.  Further, Defendant still owes over $400,000 in restitution.  *Id.* at 3.  And, although the

Government "commends the defendant for being compliant with his supervised release conditions since his 2019 arrest," he has not demonstrated extraordinary circumstances or unforeseen consequences justifying early termination. *Id*.

A court may, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7), terminate an individual's term of supervised release after one year of supervised release if it is warranted by the conduct of the individual and in the interest of justice. 18 U.S.C. § 3583(e)(1). Courts should also consider whether "new or unforeseen circumstances" render "a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). These circumstances may include "exceptionally good behavior," *id.*, or employment disadvantages to remaining under supervision, *see United States v. Harris*, 689 F. Supp. 2d 692, 695 (S.D.N.Y. 2010). But, "compliance with the terms of supervised release is what is expected of [the defendant] . . . and does not warrant early termination." *Harris*, 689 F. Supp. 2d at 694.

The Court concludes that early termination of supervised release is not warranted. *See United States v. Rasco*, No. 88 Cr. 817, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000). Accordingly, Defendant's request is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 26.

SO ORDERED.

Dated: February 2, 2023
      New York, New York

_____
ANALISA TORRES
United States District Judge